IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PAT L. HODGE                *
                            *
                            *
v.                          *        Civil No. – JFM-15-3275
                            *
LERNER NEW YORK, INC.       *
                         ******

## MEMORANDUM

Plaintiff alleges that she tripped and fell at one of defendant's stores on December 2, 2014. Discovery has been completed, and defendant has filed a motion for summary judgment. The motion will be granted.

Plaintiff was visiting defendant's store for the purpose of seeking to purchase Christmas gifts for her granddaughter. She arrived at the store at approximately 10:30 am and found the store to be in a "messy" condition. She looked at sweaters for approximately 20 minutes and placed two sweaters that she picked out on the store's check-out counter. She walked back to the aisle where the sweaters were hanging, and while looking at the sweaters she tripped over the base of a clothing rack and fell onto her left side. According to her expert's litigation report, "she stood up straight and backed up no more than two steps" and when she did so, "she tripped over . . . a 'tri-stand' base." According to plaintiff, the base was concealed by the presence of clothing that was hanging on it or strewn upon the floor.

As the proprietor of a commercial establishment, a shopkeeper must take care to maintain the premises in a reasonably safe condition and give warning of latent or concealed perils. However, if a defect is open and obvious, there is no negligence on the part of the defendant. *See Lloyd v. Bowles*, 260 Md. 568, 572 (1971). A business invitee, such as plaintiff, has a duty

1

to exercise due care for her own safety which includes the duty to look and see what is around the invitee. *Tennant v. Shoppers Food Warehouse Md. Corp.*, 115 Md. App. 381, 389 (1997). Moreover, the record is devoid of any evidence that defendant had notice that the particular tri-stand base over which plaintiff tripped was personally covered with clothing items.

On these facts defendant is not liable to plaintiff. Plaintiff has not proven that any defect was not open and obvious. Further the fact that she backed into the clothing stand over which she tripped establishes that even if the base of the clothing stand was hidden because it was partially covered by items that had fallen establishes that there was no causal connection between the alleged defect and plaintiff's trip and fall.

Date: September 20, 2016

/s/ J. Frederick Motz
J. Frederick Motz
United States District Judge

2